**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 16, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EARL HARDY MORROW,

Defendant - Appellant.

No. 25-5016
(D.C. Nos. 4:24-CV-00029-CVE-CDL &
4:20-CR-00335-CVE-1)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

_____

Earl Morrow, a federal prisoner proceeding *pro se*,[1] applies for a certificate of appealability ("COA") to challenge on appeal the district court's denial of two claims raised in his 28 U.S.C. § 2255 motion for post-conviction relief. For the following reasons, we deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Morrow is proceeding *pro se*, we construe his filings liberally. However, we will not act as his advocate. *See Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

## I.    Background

A federal superseding indictment charged Mr. Morrow with one count of distribution and receipt of child pornography, and one count of possession of child pornography.  He proceeded to trial, where a jury convicted him of both counts.  The district court sentenced him to serve 135 months' imprisonment.  On direct appeal, we upheld Mr. Morrow's convictions and sentence.

Mr. Morrow then filed a timely *pro se* § 2255 motion.  As relevant, he raised two claims of ineffective assistance of counsel: (1) counsel doubted his innocence and encouraged him to plead guilty; and (2) counsel failed to investigate the discrepancies and errors in the IP address law enforcement traced to his home.[2]  To support his assertion that counsel doubted him he attached a copy of a transcript of a conversation between himself, his attorney, and his attorney's supervisor to the motion.

Following the government's response and Mr. Morrow's reply, the district court denied the § 2255 motion and a COA.

## II.    COA Standard

To appeal, Mr. Morrow must obtain a COA.  *See* 28 U.S.C. § 2253(c).  To do so where the district court rejected a § 2255 claim on the merits, he must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The COA determination requires us to generally assess the merits of a claim, but this assessment is

---

[2] Mr. Morrow raised several other claims in his § 2255 motion before the district court.  We only discuss the claims that he requests a COA on in the instant appeal.

only a "threshold inquiry [that] does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

## III.    Ineffective Assistance of Counsel

The Supreme Court established the two-pronged standard for ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). Prong one, the performance component, requires the movant to show that counsel's performance was objectively unreasonable under the circumstances. *See Strickland*, 466 U.S. at 687–88. Courts are highly deferential to counsel when undertaking such an examination and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Prong two, the prejudice component, requires the movant show that counsel's deficiencies prejudiced his defense. *Id.* at 687. To succeed, the movant must demonstrate that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* at 694.

## IV.    Discussion

### A. Claim 1

Mr. Morrow first argues that the district court improperly considered his claim that counsel was ineffective because they did not believe him and advised him to enter a guilty plea. The district court rejected this claim because it is not ineffective assistance to advise a client to plead guilty and noted that the transcript attached to the § 2255 motion showed that counsel told him that if he chose to proceed to trial, counsel would defend him as best as they could. It further reasoned that Mr. Morrow suffered no prejudice from counsel's encouragement to plead guilty, as he chose to proceed to trial instead.

The district court correctly concluded that Mr. Morrow suffered no prejudice from counsel's advice that he plead guilty, as he did not take that advice and opted to proceed to trial. *Strickland*, 466 U.S. at 687. Further, the court also correctly noted that the record indicates counsel's commitment to defending Mr. Morrow should he choose to proceed to trial. In the instant COA motion, Mr. Morrow alleges that the district court did not consider the transcript he attached to the § 2255 motion. However, the district court specifically cited to excerpts of the transcript in its order, so this argument also lacks merit. *Compare* R. Vol. I at 344 *with* R. Vol. I at 160-61.

### B.  Claim 2

Mr. Morrow's second claim argues that his counsel was ineffective for failing to investigate the IP address that law enforcement traced to Mr. Morrow's home address.[3] In the instant COA motion, he contends that the district court did not liberally construe his argument and wrongly favored the government in its ruling. The district court rejected this claim on the prejudice prong because "the majority of the evidence at trial didn't depend on the IP address," and noted that "the government presented evidence of

---

[3] He also argued in his reply that counsel's failure to investigate the IP address was prejudicial because it could have led to a suppression of evidence seized from his home. The district court rejected this argument because it was improperly raised in a reply and the good-faith exception exempted evidence seized from Mr. Morrow's home in good-faith reliance on a warrant. The district court correctly noted that Mr. Morrow waived the claim and that the good-faith exception would have applied otherwise, meaning he suffered no prejudice from the potential ineffectiveness. *See United States v. Leon*, 468 U.S. 897, 920-21 (1984) (recognizing a "good-faith exception," that exempts the fruits of a search if the executing officer has a good-faith belief that the warrant authorizing the search was valid); *Strickland*, 466 U.S. at 687; *United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019) (holding that arguments raised for the first time in a reply brief are waived).

4,000 files of child pornography spread across five of Mr. Morrow's devices, including a USB flash drive on a keychain hosting his car keys." R. Vol. I at 348.

The district court correctly noted that Mr. Morrow suffered no prejudice from any failure by counsel to investigate the IP address based on the amount of independent evidence the government provided at trial that overwhelmingly pointed to his guilt. Accordingly, this claim fails on *Strickland*'s prejudice prong. *Strickland*, 466 U.S. at 687. Further, a review of the record does not indicate any failure by the district court to adequately construe Mr. Morrow's pleadings or to treat him fairly. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that *pro se* pleadings are to be construed liberally, but *pro se* status does not relieve a litigant "of the burden of alleging sufficient facts on which a recognized legal claim could be based").

## V.    Conclusion

Reasonable jurists would not debate whether the district court properly resolved Mr. Morrow's ineffective assistance of counsel claims. *See Slack*, 529 U.S. at 484. We deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk